UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| RONALD H. COLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 4:04-CR-4-CLC-WBC-1 |
| | ) | 4:17-CV-23-CLC |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

Presently before the Court is a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Ronald H. Cole ("Petitioner") which challenges his enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1]  The government has filed a response [Doc. 37] acknowledging that Petitioner no longer qualifies as an armed career criminal under the ACCA in light of *Johnson*.  Accordingly, Petitioner's § 2255 motion [Doc. 33] will be **GRANTED**.

**I.    BACKGROUND**

On January 27, 2004, a grand jury sitting in the Eastern District of Tennessee returned a three-count indictment charging Petitioner at Count One with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); at Count Two with robbery, in violation of 18 U.S.C. § 1951; and at Count Three with using, carrying and brandishing

---

[1] The Supreme Court has determined that *Johnson*, which invalidated the residual clause of the ACCA as unconstitutionally vague, announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *see also In re Watkins*, 810 F.3d 375, 381-85 (6th Cir. 2015).

a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) [Doc. 1]. On April 7, 2005, Petitioner entered a plea of guilty to all three counts [Doc. 25].

The presentence investigation report ("PSIR") identified four previous convictions for a violent felony, committed on occasions different from one another, that qualified Petitioner as an armed career criminal under the ACCA: (1) a 1964 conviction for housebreaking in the McMinn County, Tennessee, Criminal Court [PSIR ¶ 51]; (2) a 1968 conviction for bank burglary in the United States District Court for the Eastern District of Tennessee [PSIR ¶ 52]; (3) a 1981 conviction for attempted third degree burglary in the Marshall County, Tennessee, Circuit Court [PSIR ¶ 56]; and (4) a 1990 conviction for armed violence in the Williamson County, Illinois, Circuit Court [PSIR ¶ 57]. As an armed career criminal, Petitioner was subject to a statutory mandatory minimum sentence of 15 years to a maximum of life at Count One of the Indictment[2] and his advisory guideline sentencing range under the United States Sentencing Guidelines ("USSG") was 272 to 319 months [PSIR ¶¶ 93, 94].

On September 2, 2005, Petitioner was sentenced to a total term of imprisonment of 319 months, consisting of 235 months on each of Counts One and Two, to be served concurrently, and 84 months on Count Three, to be served consecutively to all other counts [Doc. 30 p. 3]. Upon release from imprisonment, Petitioner was sentenced to a term of supervised release of five years, consisting of five years on each of Counts One and Three and three years on Count Two, all to run concurrently [Doc. 30 p. 4]. Petitioner did not take a direct appeal.

---

[2] The statutory maximum sentence authorized at Count Two of the Indictment was not more than 20 years under 18 U.S.C. § 1951 [PSIR ¶ 93]. At Count Three, Petitioner was subject to a statutory mandatory minimum sentence of not less than 7 years, 18 U.S.C. § 924(c)(1)(A)(ii), which must be served consecutively to any other term of imprisonment imposed pursuant to 18 U.S.C. § 924(c)(1)(D)(ii) [*Id.*].

In the fall of 2016, Petitioner sought leave from the Sixth Circuit Court of Appeals to file a "second or successive" § 2255 motion raising a *Johnson* claim. On May 4, 2017, the Sixth Circuit denied Petitioner's motion as unnecessary because he had not previously filed a § 2255 motion, and transferred the proposed motion to this Court for resolution [Doc. 32].

## II. ANALYSIS

### A. TIMELINESS

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category—the assertion of a newly recognized right made retroactively applicable to cases on collateral review. *Welch*, 136 S. Ct. at 1268 (holding that *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review); *In re Watkins*, 810 F.3d at 381–85. The one-year limitation period for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Accordingly, *Johnson* triggered a

renewed one-year period of limitation beginning on the date of that decision, June 26, 2015, and running until June 26, 2016.

In this case, the proposed § 2255 motion raising a *Johnson* claim that Petitioner submitted to the Sixth Circuit Court of Appeals and subsequently was transferred here is dated October 14, 2016, which falls outside the one-year window for requesting collateral relief under *Johnson*. Ordinarily, then, Petitioner's motion would be time barred under § 2255(f). However, the failure to comply with a statute of limitations is an affirmative defense which can be waived. *Scott v. Collins*, 286 F.3d 923, 927–28 (6th Cir. 2002). Moreover, a statute of limitations defense is not jurisdictional, and courts are under no obligation to raise the time bar *sua sponte*. *Day v. McDonough*, 547 U.S. 198, 205 (2006).[3]

Here, the government affirmatively has waived its reliance on any statute of limitations defense [Doc. 37 p. 2–3 n. 2] and this Court is not at liberty to disregard that choice. *Id*. at 210 n. 11. Accordingly, in light of the government's waiver, the Court will consider the merits of Petitioner's *Johnson* claim despite its untimeliness and without the need to delve into the issue of whether Petitioner otherwise might be entitled to equitable tolling of the limitations period under the circumstances of this case.[4]

---

[3] In *Day*, the Supreme Court held that courts are permitted, but not obliged, to consider the timeliness of a habeas petition *sua sponte*, abrogating *Scott* to the extent *Scott* had held that a district court was not permitted to consider the timeliness of a petition *sua sponte* after the filing of an answer that had not raised the issue as an affirmative defense. *Day*, 547 U.S. at 209.

[4] Because the one-year period of limitation for filing a § 2255 petition is not jurisdictional, it is subject to equitable tolling in appropriate cases. *See Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006). A habeas petitioner is entitled to equitable tolling only if the petitioner shows that: (1) he has been pursuing his rights diligently, and (2) that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

**B. STANDARD OF REVIEW**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**C. PETITIONER'S *JOHNSON* CLAIM**

A felon who possesses a firearm normally faces a maximum penalty of ten years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). However, if that felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a fifteen-year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to five years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCA's use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns, and thus is invalid, if it necessarily was based on predicate violent felonies that qualified as such only under the ACCA's residual clause.

In this case, Petitioner was found to be an armed career criminal based on four prior violent felony convictions. However, the government concedes that Petitioner's 1981 conviction for Tennessee attempted third degree burglary can qualify as a "violent felony" only under the stricken residual clause of the ACCA and thus no longer may be used as a predicate offense post-*Johnson*. *See United States v. Franklin*, 622 F. App'x 501, 514 (6th Cir. 2015) (holding that conviction for attempted burglary qualified as violent felony only under now defunct residual clause).

Likewise, Petitioner's 1968 federal conviction for "bank burglary" can qualify only under the residual clause. Although "burglary" is an enumerated offense listed in § 924(e)(2)(B)(ii), not every conviction labeled as such qualifies as a violent felony under the ACCA. *Taylor v. United States*, 495 U.S. 575, 590–92 (1990). In determining whether a conviction for violating the federal bank burglary statute, 18 U.S.C. § 2113(a), does so qualify under the enumerated offense clause, the Court must apply a categorical approach and compare the statutory elements of § 2113(a) to the elements of "generic burglary." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

Only if the elements of § 2113(a) "are the same as, or narrower than," those of generic burglary does a conviction for violating that provision count as a violent felony under the ACCA. *Id.*

The Supreme Court has determined that "generic burglary" under the enumerated offense clause of the ACCA means "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor*, 495 U.S. at 598. The federal bank burglary statute, however, is violated by whoever "enters or attempts to enter any bank . . . with intent to commit in such bank . . . any felony . . . ." 18 U.S.C. § 2113(a). Because the statute omits the element of "an *unlawful* or *unprivileged* entry," the federal bank burglary statute is broader than generic burglary and therefore a violation of that statute cannot qualify as an ACCA predicate "violent felony" under the enumerated offense clause. *Descamps*, 133 S. Ct. at 2293 (finding that because generic unlawful entry is not an element of California burglary statute, a conviction under that statute is never for generic burglary and cannot be used as ACCA predicate under enumerated offense clause).

Because neither Tennessee attempted burglary nor federal bank burglary qualify as a violent felony under either the "use-of-physical-force clause" or the "enumerated offense" clauses of § 924(e)(2)(B), and *Johnson* invalidated the residual clause, Petitioner's convictions for those crimes no longer can be used as predicate offenses under the ACCA. Furthermore, absent those convictions, Petitioner no longer has the requisite three prior convictions of a violent felony or a serious drug offense necessary to subject him to the ACCA's enhanced penalties.

Accordingly, *Johnson* dictates that Petitioner no longer can be designated an armed career criminal under § 924(e). As a result, the 235-month term of imprisonment and five-year term of supervised release imposed by the Court on Count One exceed the maximum authorized sentence of not more than ten years' imprisonment and not more than three years' supervised release for a

7

non-ACCA offender convicted of a violation of § 922(g)(1). *See* 18 U.S.C. § 924(a)(2) and 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). Under these circumstances, the Court finds a clear entitlement to § 2255 relief, as Petitioner has been subjected to "a sentence imposed outside the statutory limits." *McPhearson*, 675 F.3d at 559.

Where a § 2255 claim has merit, a district court "shall vacate and set the judgment aside" and, "as may appear appropriate," shall either "discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013).

Here, Petitioner already has served in excess of the ten-year custodial maximum applicable to him as a non-ACCA offender post-*Johnson* for a violation of § 922(g)(1). Accordingly, the government submits that the most appropriate relief would be to correct and reduce Petitioner's incarceration sentence on both Counts One and Two[5] to time served and to leave unchanged Petitioner's consecutive 84-month incarceration sentence on Count Three. The government further proposes a reduction in the supervised release term of five years imposed on Count One to a term of three years on that count, with no change to the three-year term previously imposed on Count Two or the five-year term previously imposed on Count Three.

---

[5] As the government notes, Petitioner's status as an armed career criminal affected not only the statutorily authorized range of punishment for his felon-in-possession conviction but also his applicable guideline range under the United States Sentencing Guidelines as to both the felon-in-possession count and the robbery count, as those counts were grouped together pursuant to U.S.S.G. § 3D1.2(a) [PSIR ¶ 36]. When a defendant is convicted of multiple counts and one count is modified on collateral review, courts have the authority to re-evaluate the entirety of the aggregate sentence. *See Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997). The Court agrees that a reduction in the sentences imposed on *both* Counts One and Two is appropriate here.

8

The Court agrees that a corrected sentence is the most appropriate form of relief in this case and finds that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). An order will enter accordingly.

### III. CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner is entitled to relief under § 2255 and will grant his § 2255 motion [Doc. 33]. The Judgment imposed by the Court on September 2, 2005 [Doc. 30], will be vacated in part and Petitioner's term of imprisonment will be corrected and reduced to a sentence of time served on each of Counts One and Two of the Indictment. The 84-month term of imprisonment previously imposed on Count Three of the Indictment, to be served consecutively to the sentences imposed on Counts One and Two, remains in full force and effect. Further, the Judgment imposed on September 2, 2005 [Doc. 30], will be amended to reflect a term of supervised release of five years, consisting of five years on Count Three of the Indictment and three years on each of Counts One and Two of the Indictment, all such terms to run concurrently. In all other respects, the Judgment imposed on September 2, 2005 [Doc. 30], shall remain in full force and effect. The Clerk of Court will be directed to close the civil case at No. 4:17-CV-23.

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**